**David A KIMBELL, Sr., Independent Executor under the Will of Ruth A. Kimbell, Deceased, Plaintiff,**

v.

**UNITED STATES OF AMERICA, Defendant.**

No. Civ.A. 7:01–CV–0218–R.

United States District Court, N.D. Texas, Wichita Falls Division.

Jan. 14, 2003.

As Amended April 16, 2003.

Michael Allen Denham, Robert Don Collier, William R. Cousins, Meadows Owens Collier Reed Cousins & Blau, Dallas, TX, for Plaintiff.

Louise P. Hytken, U.S. Department of Justice, Dallas, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCHMEYER, District Judge.

Now before this Court are **DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** and **PLAINTIFF'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT** (jointly filed October 15, 2002). Oral argument was held on November 6, 2002, and the parties submitted supplemental briefs on November 16 and 26, 2002. For the reasons discussed below, Defendant's Motion for Partial Summary Judgment is **GRANTED**, and Plaintiff's Cross Motion for Partial Summary Judgment is **DENIED**.

## I. BACKGROUND

Ruth A. Kimbell (the "Decedent") died March 25, 1998 at the age of 96. The Plaintiff, David A. Kimbell, is the Decedent's son and executor of her estate.

At the time of Decedent's death, she held interests in three entities relevant to this case: 1) the R.A. Kimbell Living Trust (the "**Trust**"), 2) the R.A. Kimbell Management Co., LLC (the "**LLC**"), and 3) the R.A. Kimbell Property Co., Ltd. (the "**Partnership**"). The Trust is a living trust created by Decedent in 1991 and fully revocable by her prior to her death. Thus, it is not in dispute that the interests of the Trust and those of Decedent are to be treated as one for the purposes of analysis under the Internal Revenue Code (the "Code"). Decedent and Plaintiff were cotrustees of the Trust, and Plaintiff was paid a monthly fee to manage the trust. The LLC is a Texas limited liability company which was established on January 7, 1998 and is owned 50% by the Trust, 25% by Plaintiff and 25% by Plaintiff's wife (Decedent's daughter-in-law). Plaintiff was the manager of the LLC. The Partnership is a Texas limited partnership created on January 29, 1998 (two months before Decedent's death) by the Trust and the LLC. The LLC contributed *1% of the capital* of the Partnership and was its *general partner*, while the Trust contributed *99% of the capital* yet was only a *limited partner*. The Partnership is for a term of 40 years (i.e. until Decedent would have been 136 years old). As Decedent had a 50% interest in LLC and a 99% interest in the Trust, Decedent's real interest in the Partnership was 99.5%.

After Decedent died, Plaintiff, as executor of Decedent's estate, filed estate tax returns with the IRS. The IRS audited the returns and found that the value of Decedent's 99% interest in the Partnership was $2.463 million not $1.257 million as stated in the return. Accordingly, the IRS increased the amount of estate tax due. Plaintiff paid the increased taxes and subsequently, on November 15, 2001, brought this action seeking a refund of $837,089 for the IRS's alleged overvaluation of the estate.

## II. ANALYSIS

### A. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure allows summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Melton v. Teachers Ins. & Annuity Ass'n of Am.,* 114 F.3d 557, 559 (5th Cir.1997). The court must decide all reasonable doubts and inferences in the light most favorable to the party opposing the motion. *Lemelle v. Universal Mfg. Corp.,* 18 F.3d 1268, 1272 (5th Cir.1994); *Walker v. Sears, Roebuck & Co.,* 853 F.2d 355, 358 (5th Cir.1988). As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion must be denied. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548; *Lynch Properties, Inc. v. Potomac Ins. Co.,* 140 F.3d 622, 625 (5th Cir.1998). Where the non-moving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its summary judgment burden by showing that there is an absence of evidence to support the non-moving party's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. Once the moving party has satisfied this burden, the non-moving party must go beyond the pleadings and by its own affidavits or deposi-

tions, answers to interrogatories, and admissions on file set forth specific facts showing a genuine issue for trial. *Matsushita Elec, Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Edwards v. Your Credit, Inc.,* 148 F.3d 427, 431–32 (5th Cir.1998). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

**B. SECTION 2036(A) OF THE INTERNAL REVENUE CODE**

 The question before the Court in these cross-motions for partial summary judgment is how the transfer of assets made by Decedent into the Partnership should be treated under section 2036(a) of the Internal Revenue Code (the "Code").[1] Section 2036(a) seeks to prevent individuals from avoiding estate tax by transferring their assets to others prior to death. *Harper v. Commissioner of Internal Revenue,* 2002 WL 992347, T.C.M. (RIA) 2002–121, *15 (U.S.Tax Ct. 2002). (noting that "[t]he general purpose of this section is to 'include in a decedent's gross estate transfers that are essentially testamentary' in nature.") (citations omitted). The provision states:

> The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in the case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death-
>
> (1) the possession or enjoyment of, or the right to the income from, the property, or
>
> (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom.

26 U.S.C § 2036(a). Decedent died before the expiry of the Partnership. Thus, under the plain language of § 2036(a), "all property to the extent of any interest therein" which Decedent had "at any time" transferred is part of the estate unless the property interest qualifies for an exception to the general rule of inclusion. The two exceptions provided by § 2036(a) are (1) transfers which are "bona fide sale[s] for an adequate and full consideration" (the **"Bona Fide Sale Exception"**), and (2) transfers after which the decedent retains neither the "possession or enjoyment of, or the right to income from the property" nor "the right, either alone or in conjunction with any other person, to designate the persons who shall benefit or enjoy the property" (the **"Retained Income or Rights Exception"**). For the granting of partial summary judgment to be appropriate, Plaintiff must establish, as a matter of law, that Decedent's transfer of property to the Partnership qualifies for one of the exceptions. Conversely, Defendant must demonstrate, as a matter of law, that the transfers fail to qualify for both exceptions. Each exception will be considered in turn.

---

1. The parties have also briefed the issue of whether the interest formerly held by Decedent in the Partnership is to be considered, for the purpose of valuation, as a limited partnership interest or an assignee interest. The parties agree that this is a subsidiary issue which does not affect the question of the applicability of 26 U.S.C. § 2036(a).

### 1. The Bona Fide Sale Exception

■ Plaintiff argues that Decedent's transfer of assets to the Partnership was a bona fide sale for an adequate and full consideration in money or money's worth.[2] The Tax Court has explained, and this Court agrees, that "applicability of the [bona fide sale] exception rests on two requirements: (1)[a] bona fide sale, meaning an arm's-length transaction, and (2) adequate and full consideration." *Harper*, 2002 WL 992347, T.C.M. (RIA)2002–121, *21.

In the instant case, Decedent's transfer fails both requirements. Plaintiff has produced no credible evidence that the formation of the Partnership was the product of an arm's length transaction, i.e. a transaction "between two parties who are not related or not on close terms and who are presumed to have roughly equal bargaining power." *Black's Law Dictionary* 103 (7th ed.1999). Indeed, one cannot even find two parties, much less two parties conducting an arm's length negotiation leading to a "bona fide sale". *See Mollenberg's Estate v. Commissioner*, 173 F.2d 698, 701 (2d Cir.1949)(quoted in *Harper*, 2002 WL 992347, T.C.M. (RIA) 2002–121, *21)(defining a 'sale' as "an exchange resulting from a bargain"). Ownership interests in the Partnership are held by two entities: 99% by the Trust which was wholly-owned by Decedent, and 1% by the LLC which was 50% owned by the Trust. Therefore, Decedent not only "stood on both sides of the transaction," but, for all intensive purposes, was both sides of the transaction. *Harper*, 2002 WL 992347, T.C.M. (RIA) 2002–121, *21 (noting that "it would be an oxymoron to say that one can engage in an arm's length transaction with oneself").

Moreover, even if one assumes the Partnership was the result of "a bona fide sale," Plaintiff has failed to establish that the Decedent received "adequate and full consideration" for the sale. While "adequate and full consideration" is not defined in the Code, *Wheeler v. U.S.*, 116 F.3d 749, 754–55 (5th Cir.1997), this Court agrees with the Tax Court that the meaning of "adequate and full consideration" does not include paper transactions such as the one at issue in the current case. The Decedent, through the Trust, contributed 99% of the capital for the Partnership and in return received a 99% interest in the partnership. Decedent received no consideration other than the interest in the Partnership. Plaintiff, before becoming the general partner of the Partnership, was already managing both the Trust, from where 99% of the assets of the Partnership came and the LLC from where the other 1% came (of which 0.5% were from the Trust). Nothing appears to have changed. In *Harper*, the Tax Court recently rejected a similar claim for applicability of the exceptions to § 2036(a) in a case in which the decedent had contributed 99% of the capital, by means of a trust, to a partnership. In words that are equally applicable to Decedent's transfers to the Partnership, the Tax Court stated:

> all decedent did was change the form in which he held his beneficial interest in the contributed property.... Essentially the value of the partnership interest the [t]rust received derived solely from the assets the [t]rust had just contributed. Without any change whatsoever in the underlying pool of assets or prospect for profit ... there exists nothing but a circuitous "recycling" of value. We are satisfied that such instances of pure recycling do not rise to the level of a payment of consideration. To hold otherwise would open section 2036 to a myriad of abuses engendered by unilateral paper transformations.

2. See *Plaintiff's Brief in Support of Cross Motion for Partial Summary Judgment,* at 12–17.

*Harper,* 2002 WL 992347, T.C.M (RIA) 2002–121, *21–22. The same is true in this case; there has been "only a recycling of value and not a transfer of consideration." *Harper,* 2002 WL 992347, T.C.M (RIA) 2002–121, *23. The facts here stand in sharp contrast to *Wheeler* in which IRS actuarial tables were used to value the remainder interest transferred by decedent to his two sons. *Wheeler,* 116 F.3d at 752, 767, Decedent's transfer fails to qualify for the bona fide sale exception.

## 2. The Retained Income or Rights Exception

 For the purposes of 2036(a), "[a] transferor retains the enjoyment of property," if:

there is an express or implied agreement at the time of the transfer that the transferor will retain the present economic benefits of the property, even if the retained right is not legally enforceable.

*Reichardt v. Commissioner of Internal Revenue,* 114 T.C. 144, 151–52, 2000 WL 230358 (2000). In this case, there is no need to search for an implied agreement, as the Partnership Agreement (the "Agreement") itself qualifies. The Decedent (through the revocable Trust), although formally a limited partner, owned 99% of the Partnership, and an additional 0.5% of the Partnership through her 50% interest in the LLC. Section 2.4 of the Partnership Agreement (the "Agreement") provides that:

70 Percent in Interest of the Limited Partners will have the right to remove the General Partner.[3]

Therefore, Decedent, as a limited partner with a 99% interest in the partnership, could, at any time, remove the General Partner, and either appoint herself or

someone else of her choosing to be the new General Partner. Similarly, section 9.34 of the Agreement provides that:

If the General Partner ceases to serve for any reason, a Majority in Interest of Limited Partners shall ... elect one or more new General Partners from among the Limited Partners or any Persons not already Limited Partners.[4]

The General Partner, in turn, has "sole discretion" to decide on distributions of income from the Partnership.[5] By retaining the power to designate the General Partner, Decedent retained the power to either personally benefit from the income of the partnership or to designate the persons who would benefit from the income of the partnership, and thus runs afoul of both §§ 2036(a)(1) and (2). *Cf. W.W. Jones II v. Commissioner of Internal Revenue,* 116 T.C. 121, 134–35, 2001 WL 233964 (2001)(finding that the owner of an 83% partnership interest was "effectively give[n] ultimate decision-making authority").

Plaintiff contends that Decedent did not have the power to take over the partnership because she had fiduciary duties. Plaintiff makes much of a Supreme Court case, *U.S. v. Byrum,* 408 U.S. 125, 92 S.Ct. 2382, 33 L.Ed.2d 238 (1972), in which the Court held that § 2036 did not apply to a decedent who retained voting interest in several corporations. However, *Byrum,* is not only distinguishable on its facts from our case, but was expressly overruled by Congressional enactment of § 2036(b) which states that "the retention of the right to vote (directly or indirectly) shares of stock of a controlled corporation shall be considered to be a retention of the enjoyment of the transferred property." Moreover, section 2.95 of the Partnership Agreement states: "The General Partner will not owe a fiduciary duty to the Partnership or to any Partner."[6] If Decedent,

---

**3.** *Joint Appendix,* at 56.

**4.** *Joint Appendix,* at 79.

**5.** *Agreement* § 5.1, *Joint Appendix,* at 70. Section 5.5 places certain restrictions on distributions by the General Partner.

at any time, could remove the general partner and herself become general partner, then, by the terms of the Agreement, she would not owe a fiduciary duty to the other Partners, who, in any case, own only a minuscule share of the Partnership. Assuming such fiduciary duties exist, to whom does a party which owns 99% of the Partnership owe them? The fiduciary argument falls flat.

Plaintiff argues that Decedent had "irrevocably" transferred her assets to the partnership. Such a statement flies in the face of the ability Decedent retained to select a new general partner who could then distribute the income, at her "sole discretion" back to Decedent. Plaintiff also relies on *Church v. U.S.*, 2000 WL 206374 (W.D.Tex.2000) to argue that the Partnership was a legitimate business venture. Although the validity of the Partnership under Texas law can be presumed for the purposes of this Opinion, the facts of this case are clearly distinguishable from *Church*. In *Church* three family members pooled their interests *for the first time* into a 57% stake in a ranch, with the remaining 43% still being held by members of another family. Thus, "the character of the interests owning a majority of the Ranch changed dramatically as a result of the [p]artnership." *Church*, 2000 WL 206374, *4. In the instant case, the 99% interest transferred by Decedent from the Trust to the Partnership was already pooled in the Trust and was already being managed by Plaintiff as co-trustee. Plaintiff also was already the manager of the LLC which contributed the other 1% of the assets of the Partnership.

Finally Plaintiff argues that issues of material fact exist as to whether there was an express or implied agreement between Decedent and her son to make a testamentary transfer. This is a red herring. An award of partial summary judgment for Defendant need not be based on any facts other than those contained in the documents submitted to the Court—documents which speak for themselves and whose validity is not in dispute.

Plaintiff's arguments are without merit and have been cogently addressed by Defendant. This Court finds that the transfer of assets to the Partnership is governed by the default provision of 26 U.S.C. § 2036(a), rather than by any exception thereto. The Court also holds that § 2036 is applicable to the Decedent's 50% interest in R.A. Kimball Management Co., LLC (the LLC), including Decedent's indirect 0.5% interest in the partnership assets resulting from the LLC's ownership of the 1% general interest in the partnership.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment is **GRANTED**, and Plaintiffs' Cross Motion for Partial Summary Judgment is **DENIED**.

**It is so ORDERED**.